NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251109-U

NO. 4-25-1109

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 12, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MARSHALL KING, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| THE LIVINGSTON COUNTY SHERIFF'S OFFICE, | ) | No. 24CH5 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Randy A. Yedinak, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed the trial court's dismissal of plaintiff's complaints under the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)).

¶ 2     Plaintiff, Marshall King, *pro se* filed amended complaints for injunctive relief and declaratory judgment against defendant, the Livingston County Sheriff's Office (Sheriff's Office), pursuant to the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)). Plaintiff also sought civil penalties and costs.

¶ 3     In December 2024, following a hearing, the trial court denied plaintiff's complaints, finding no FOIA violation had occurred. Plaintiff filed a "Motion for Post-Judgment Relief," which the court denied. On appeal, plaintiff argues the court wrongly dismissed his complaint and he is entitled to civil penalties (see *id.* § 11(j)). We affirm.

¶ 4                                    I. BACKGROUND

¶ 5    Plaintiff is an inmate at the Dixon Correctional Center currently serving a 22-year sentence for being an armed habitual criminal and a concurrent 7-year sentence for unlawful possession of a weapon by a felon. See *Illinois Department of Corrections-Inmate Search*, Illinois Department of Corrections, available at https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=B57902 (last visited June 1, 2026); see also *People v. Young*, 355 Ill. App. 3d 317, 321 n.1 (2005) ("[W]e may take judicial notice of information that the Department of Corrections has provided on its website.").

¶ 6    On May 7, 2023, plaintiff submitted a FOIA request to the Sheriff's Office, requesting the following records related to officer Casey Kohlmeier: (1) "A redacted copy of the first ever 'Racial Profiling Sheet' completed by *** Kohlmeier when he was assigned to the [Sheriff's Office's] Pro-Active Unit" and (2) "Statistical information on how many 'Racial Profiling Sheets' *** Kohlmeier actually completed versus the number of traffic stops he conducted that lead to an arrest." Plaintiff sought "the ratio of racial profiling sheets [Kohlmeier] actually completed to the number of racial profiling sheets he did not complete according to the number of traffic stops he conducted that lead to an arrest."

¶ 7    On May 15, 2023, the Sheriff's Office replied to the FOIA request in writing, informing plaintiff his request "was unable to be granted," and both records "would need to be requested from the Pontiac Police department as [Kohlmeier] was employed by them."

¶ 8    In August 2023, plaintiff *pro se* filed a complaint pursuant to FOIA for injunctive and declaratory relief. Plaintiff also requested civil penalties (see 5 ILCS 140/11(j) (West 2022)) and reimbursement of legal fees (see *id.* § 11(i)). Plaintiff initially named FOIA officer Hilary Bauman as the defendant before naming the Sheriff's Office as the defendant in a series of amended complaints. Plaintiff's initial and amended complaints requested civil penalties in the

amount of $5,000.

¶ 9        Plaintiff initially filed his complaints in the circuit court of Lee County. In May 2024, the Sheriff's Office moved to dismiss the action, arguing plaintiff filed in the incorrect venue under FOIA (see *id.* § 11(b)). The trial court denied the motion to dismiss and transferred the case to the circuit court of Livingston County.

¶ 10       On December 17, 2024, the trial court held a hearing on plaintiff's FOIA complaint. The court recorded, "Based on the arguments, evidence and proffers of the parties, [the] Court finds no violation of [FOIA]." After finding "no willful or intentional violation" of FOIA, the court dismissed plaintiff's complaint.

¶ 11       In January 2025, plaintiff filed a "Motion for Post-Judgment Relief" in the trial court. Plaintiff filed the motion "in accordance with 725 ILCS 5/116-1, 116-2 [(West 2024)]" of the Code of Criminal Procedure of 1963.

¶ 12       In September 2025, the trial court denied plaintiff's motion. The court's docket entry first noted the referenced criminal procedure statutes "are not applicable in these proceedings and do not provide a basis upon which [plaintiff] can seek relief." The court determined plaintiff's motion "is more properly filed pursuant to 735 ILCS 5/2-1401 [(West 2024)] as a Petition for Relief from Judgment." The court then found plaintiff failed to satisfy section 2-1401's petition requirements, finding "[no] new evidence nor arguments" raised by plaintiff. Further, the court found the Sheriff's Office "presented sufficient evidence to show: 1) the requested document was not and is not within their possession; and 2) even if said document was in their possession *** it would have been *** lawfully disposed of prior to [plaintiff's] request."

¶ 13       This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15            On appeal, plaintiff contends the trial court erred in denying his complaint and corresponding request for civil penalties.

¶ 16            As an initial matter, we note the Sheriff's Office has not filed a brief. Our supreme court has held, in the absence of an appellee's brief, a reviewing court cannot reverse the trial court's judgment *pro forma*. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976). Instead, this court may proceed with the following options:

> "(1) it may serve as an advocate for the appellee and decide the case when the
> court determines justice so requires, (2) it may decide the merits of the case if the
> record is simple and the issues can be easily decided without the aid of the
> appellee's brief, or (3) it may reverse the trial court when the appellant's brief
> demonstrates *prima facie* reversible error that is supported by the record." *Thomas
> v. Koe*, 395 Ill. App. 3d 570, 577 (2009).

In this case, we will consider whether the trial court's judgment must be reversed because plaintiff's brief demonstrates *prima facie* reversible error supported by the record.

¶ 17            FOIA governs the inspection of public records. 5 ILCS 140/1.2 (West 2022). Under FOIA, public records are presumed to be open and accessible. *Hosey v. City of Joliet*, 2019 IL App (3d) 180118, ¶ 9. Unless subject to an exemption, "[e]ach public body shall make available to any person for inspection or copying all public records." 5 ILCS 140/3(a) (West 2022). A FOIA request must "reasonably identify a public record and not general data, information, or statistics." *Chicago Tribune Co. v. Department of Financial & Professional Regulation*, 2014 IL App (4th) 130427, ¶ 33. FOIA does not create an independent duty upon a public body to maintain or prepare a public record that it is not already legally required to keep,

and "[t]he nonexistence of requested documents is a cognizable affirmative defense" to a FOIA claim. (Internal quotation marks omitted.) *Barner v. Fairburn*, 2019 IL App (3d) 180742, ¶ 12. "[A]ny person denied access to inspect or copy any public record by a public body may file suit for injunctive relief or declaratory relief." 5 ILCS 140/11(a) (West 2022). Under section 11(j) (5 ILCS 140/11(j) (West 2024)) a court may impose civil penalties upon the public body if the public body (1) failed to comply with FOIA and (2) did so "willfully, intentionally, and in bad faith." *Williams v. Bruscato*, 2021 IL App (2d) 190971, ¶ 14. This court reviews *de novo* whether the denial of records is proper under FOIA. *Chicago Tribune*, 2014 IL App (4th) 130427, ¶¶ 25-26.

¶ 18      Plaintiff's brief has not demonstrated *prima facie* reversible error supported by the record. In this case, the record on appeal is insufficient. No reports of proceedings or substitutes have been provided (see Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017)). Plaintiff, as the appellant, "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. We resolve any doubts arising from an incomplete record against the appellant. *Id.*

¶ 19      The trial court's docket entry on the hearing dismissing plaintiff's complaint found "no violation of [FOIA]" based on factual findings the "records requested do not currently exist nor existed" at the time of his request. In denying his "Motion for Post-Judgment Relief," the court's docket entry restated the finding plaintiff's "requested document was not and is not within [defendant's] possession." In accordance with *Foutch*, we presume the trial court's denial of plaintiff's complaint was in conformity with the law and had a sufficient factual basis. See *id.*

Further, as we must presume the trial court determination there was no FOIA violation was well founded, it follows the court's finding there was "no willful or intentional violation" of FOIA was proper. We therefore affirm the trial court's denial of plaintiff's complaint for violation of FOIA and request for civil penalties.

¶ 20   As a final note, for the first time on appeal, plaintiff argues he received the "Racial Profiling Sheet" document he requested "mid-litigation" from the Sheriff's Office. The document plaintiff cites as the "Racial Profiling Sheet" is a one-page traffic stop summary form labeled as "Defendant's Exhibit 2" and submitted to the trial court on December 17, 2024, the date of the hearing on plaintiff's complaint. There is no FOIA correspondence or docket entry in the record identifying this document as the requested "Racial Profiling Sheet." Although this document was listed as evidence on the date of the hearing on plaintiff's motion, we do not know how it was discussed without a transcript of the hearing. We must, therefore, presume the trial court considered this evidence and properly found it insufficient. See *id.*

¶ 21   III. CONCLUSION

¶ 22   For the reasons stated, we affirm the trial court's judgment.

¶ 23   Affirmed.